IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NEKECIA MARTIN, and LAQUITA STERLING,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL STATION SPORTS CAFÉ, and JOSHUA L. PATTON,<br><br>Defendants. | Civil Action Number:<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, Nekecia Martin (hereinafter "Martin") and Laquita Sterling (hereinafter "Sterling") by and through the undersigned counsel, bring this Complaint against Defendants Central Station Sports Café (hereinafter "Central Station"), and Joshua L. Patton (hereinafter "Patton") and plead as follows:

### INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) receive the minimum wage for work weeks in which the employer failed to pay them

minimum wage and an additional like amount as liquidated damages; and (2) for their costs of litigation, including their reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Central Station is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Martin resides within Fulton County, Georgia.

5.

Central Station employed Martin as a waitress in and around East Point, Georgia from March 2010 until January 2011.

6.

At all times relevant to this suit, Martin has been an "employee" of "Central Station as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

At all times material hereto, Central Station has been an "employer" of Martin as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

From on or about March 2010 until January 2011, Martin has been "engaged in commerce" as an employee of Central Station as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a), and FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Sterling resides within Fulton County, Georgia.

10.

Central Station employed Sterling as a Waitress in and around East Point, Georgia from June 24, 2011 until June 20, 2012.

11.

At all times relevant to this suit, Sterling has been an "employee" of Central Station as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

At all times material hereto, Central Station has been an "employer" of Sterling as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

From on or about June 24, 2011 until June 20, 2012, Sterling has been "engaged in commerce" as an employee of Central Station as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a), and FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

Central Station is a corporation organized under the laws of the State of Georgia.

15.

From on or about March 2010 until June 20, 2012, Central Station was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a), and in the FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2010, Central Station had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Central Station had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Central Station had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, Central Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Central Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Central Station had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Central Station had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Central Station had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Central Station had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Central Station has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

26.

Central Station is subject to the personal jurisdiction of this Court.

27.

Patton resides within Fulton County, Georgia.

28.

At all times material hereto, Patton exercised operational control over the work activities of Plaintiffs.

29.

At all times material hereto, Patton was involved in the day to day operation of the Central Station in which Plaintiffs worked.

30.

At all times material hereto, Central Station vested Patton with supervisory authority over Plaintiffs.

31.

At all times material hereto, Patton exercised supervisory authority over Plaintiffs.

32.

At all times material hereto, Patton scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

33.

At all times material hereto, Patton exercised authority and supervision over Plaintiffs' compensation.

34.

At all times material hereto, Patton has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

Patton is subject to the personal jurisdiction of this Court.

36.

At all times relevant to this suit and while an employee of Central Station, Martin was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

37.

At all times relevant to this suit and while an employee of Central Station, Martin was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

At all times relevant to this suit and while an employee of Central Station, Martin was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

39.

At all times relevant to this suit and while an employee of Central Station, Martin was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all times relevant to this suit and while an employee of Central Station, Martin was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

41.

At all times relevant to this suit and while an employee of Central Station, Martin was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

42.

At all times relevant to this suit and while an employee of Central Station, Sterling was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

43.

At all times relevant to this suit and while an employee of Central Station, Sterling was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

44.

At all times relevant to this suit and while an employee of Central Station, Sterling was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

45.

At all times relevant to this suit and while an employee of Central Station, Sterling was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

46.

At all times relevant to this suit and while an employee of Central Station, Sterling was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

47.

At all times relevant to this suit and while an employee of Central Station, Sterling was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

**COUNT I**

**FAILURE TO PAY MINIMUM WAGE TO MARTIN**

48.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

49.

At all times material hereto, Martin has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

50.

Defendants failed to inform Martin of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

51.

At all times material hereto, Defendants failed to pay Martin an hourly wage.

52.

At all times material hereto, Martin's sole form or remuneration for the work she performed for Defendants was the receipt of tips from Defendant's customers.

53.

Defendants required Martin to pay a portion of the tips she received directly to Central Station.

54.

Defendants required Martin to pay a portion of the tips she received directly to Central Station for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

55.

From on or about March 2010 through January 2011, Defendants failed to compensate Martin at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

56.

From on or about March 2010 through January 2011, willfully failed to compensate Martin at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

57.

Martin is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

58.

As a result of the underpayment of minimum wages as alleged above, Martin is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of minimum wages, are liable to Martin for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY MINIMUM WAGE TO STERLING

60.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

61.

At all times material hereto, Sterling has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

62.

Defendants failed to inform Sterling of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

63.

At all times material hereto, Defendants failed to pay Sterling an hourly wage.

64.

At all times material hereto, Sterling's sole form or remuneration for the work she performed for Defendants was the receipt of tips from Defendant's customers.

65.

Defendants required Sterling to pay a portion of the tips she received directly to Central Station.

66.

Defendants required Sterling to pay a portion of the tips she received directly to Central Station for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

63.

At all times material hereto, Defendants failed to pay Sterling an hourly wage.

64.

At all times material hereto, Sterling's sole form or remuneration for the work she performed for Defendants was the receipt of tips from Defendant's customers.

65.

Defendants required Sterling to pay a portion of the tips she received directly to Central Station.

66.

Defendants required Sterling to pay a portion of the tips she received directly to Central Station for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

67.

From on or about June 24, 2011 until June 20, 2012, Defendants failed to compensate Sterling at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

68.

From on or about June 24, 2011 until June 20, 2012, Defendants willfully failed to compensate Sterling at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

69.

Sterling is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of minimum wages as alleged above, Sterling is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of minimum wages, Defendants are liable to Sterling for her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid minimum wages due under the FLSA, plus additional like amounts in liquidated damages;

3. That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees against Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC** |
|  | */S/CHARLES R. BRIDGERS* |
|  | CHARLES R. BRIDGERS |
|  | GA. BAR NO. 080791 |
| 3100 CENTENNIAL TOWER |  |
| 101 MARIETTA STREET |  |
| ATLANTA, GEORGIA 30303 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3171 | KEVIN D. FITZPATRICK, JR. |
| (404) 979-3170 (f) | GA. BAR NO. 262375 |
| kevin.fitzpatrick@dcbflegal.com |  |
| charlesbridgers@dcbflegal.com | COUNSEL FOR PLAINTIFFS |